UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| TERESA M. HUBER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:11-cv-139- SEB-DML |
| | ) | |
| TRANS UNION, LLC and WELLS | ) | |
| FARGO BANK, NA, | ) | |
|     Defendants. | ) | |
| | ) | |

**ENTRY ON DEFENDANT WELLS FARGO'S MOTION TO DISMISS**

In order to ensure fair and accurate credit reporting, Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, in 1970. FCRA sets forth certain requirements for consumer reporting agencies ("CRAs), the entities which "regularly engage ... in the practice of assembling or evaluating consumer credit information ... for the purpose of furnishing consumer reports to third parties ...." 15 U.S.C. § 1681a(f). FCRA mandates that CRAs follow reasonable procedures to assure the accuracy of the credit information they provide third parties regarding consumers and provides consumers a private right to bring a cause of action against a CRA for certain violations. 15 U.S.C. §§ 1681n and 1681o. Defendant Trans Union, LLC is a CRA.

Those who furnish information to CRAs ("furnishers") are regulated by FCRA as well. In the case before us, Defendant Wells Fargo, NA, is a furnisher. Furnishers may not report credit information to CRAs that they know to be inaccurate, 15 U.S.C. § 1681s-

2(a), but until a furnisher is informed by a CRA that a consumer has disputed information that the furnisher provided, only the government may enforce that mandate. 15 U.S.C. § 1681s-2(d). CRAs are required to notify a furnisher of any dispute raised by a consumer with regard to information that the furnisher provided. 15 U.S.C. § 1681i(a)(2). When a furnisher receives such notice, it must: (1) investigate the disputed information; (2) review relevant information provided by the CRA; (3) report investigation results to the CRA; and (4) correct any inaccuracies uncovered. § 1681s-2(b)(1)(A)-(D); *see Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir.2005). These requirements may be enforced by the consumer through a private cause of action brought against the furnisher. 15 U.S.C. §§ 1681n and 1681o.

     Plaintiff, Teresa Huber, is a consumer who claims that, after she filed for bankruptcy under Chapter 13 of Title 11 of the United States Code and a plan was approved and confirmed, her mortgagor, Defendant Wells Fargo, furnished inaccurate credit information to Defendant Trans Union, who in turn provided this inaccurate information to third parties, causing her to be damaged. Plaintiff alleges in her complaint that she informed Trans Union that she disputed the information it had been provided by Wells Fargo and also informed Wells Fargo that she believed it had provided inaccurate information to CRAs such as Trans Union. Huber has settled her dispute with Trans Union and dismissed the CRA from this lawsuit; however, she continues to pursue both a FCRA claim and a state common law claim of intentional infliction of emotional distress

against Wells Fargo. Wells Fargo has moved to dismiss Huber's claims under Federal Rule of Civil Procedure 12(b)(6), asserting that her state law claim is preempted and that she fails to satisfy the minimum pleading requirements to assert a FCRA claim. For the reasons discussed in this entry, we grant in part and deny in part the Defendant's Motion to Dismiss (Doc. #15).

### *Standard of Review*

When reviewing a 12(b)(6) motion, we accept as true all well-pleaded allegations and draw all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir.2008). However, the allegations must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir.2009) (citations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

### *Plaintiff's Factual Allegations*

Sometime prior to April 2007, Plaintiff fell behind in her mortgage payments. In April 2007, she filed for bankruptcy under Chapter 13 and a reorganization plan was proposed and confirmed which required that regular monthly payments be made by the Chapter 13 Trustee to address pre-petition and post-petition mortgage arrearages. Upon completion of the Chapter 13 Plan and Plaintiff's discharge from bankruptcy, all her mortgage payments were to be deemed current.

Despite Plaintiff's timely payments to the Trustee and the Trustee's payment to Wells Fargo consistent with the bankruptcy court's orders and schedules, she claims Wells Fargo falsely reported that her mortgage account's status was 120 days late. In October 2010, Plaintiff contacted Trans Union and disputed in writing the accuracy of the mortgage payment information on its credit report, advising that the mortgage account was included in a bankruptcy reorganization plan. In November 2010, Trans Union corrected the disputed information, but in a matter of weeks reinserted the inaccurate information into Plaintiff's credit report. In response to another written notification of dispute from Plaintiff, Trans Union sent her a letter in December 2010 indicating that it had investigated the Wells Fargo mortgage account and been informed that its status was 90 days past due and that each month from January 2009 through September 2010 the account was 120 days late, with the amount of $1866 being past due.

Plaintiff applied for credit from various lenders in January 2011, but her requests were all denied based on the information regarding her Wells Fargo mortgage account which was contained in the Trans Union credit report. Plaintiff wrote to Wells Fargo in January 2011 disputing the accuracy of the credit information Wells Fargo was continuing to report to CRAs. She advised Wells Fargo of the manner in which the Bankruptcy Court dealt with her mortgage indebtedness and payments. She also initiated another dispute with the CRA via the Trans Union internet website. Wells Fargo responded in writing to Plaintiff, claiming it had accurately reported on the status and history of the mortgage account. Trans Union responded that it had investigated the Wells Fargo mortgage account and been informed that it was 90 days past due, closed in December 2010 and had a balance of $66,177. Undaunted by the responses from Wells Fargo and Trans Union, and convinced of their continued inaccurate and incomplete reporting, Plaintiff again initiated formal disputes with both of them, resulting in similar responses.

On March 24, 2011, the bankruptcy court issued an order finding that Plaintiff's regular monthly mortgage payments were current, her arrearages cured and that post-petition payments paid by the Trustee through the Chapter 13 Plan were in accordance with Wells Fargo's proof of claim. The court also ordered Wells Fargo to amend its records to reflect the mortgage account to be current as of February 18, 2011, after which Plaintiff again claims to have gone through the process of disputing the accuracy of the

credit information being reported by Wells Fargo to Trans Union and by Trans Union to third parties.  According to Plaintiff, prior to filing this lawsuit in November 2011, Trans Union and Wells Fargo continued to inaccurately and incompletely report that her mortgage account was: (1) 120 days late for each month between April 2007 and October 2010; (2) closed; and (3) not included in her Chapter 13 reorganization plan.

### *Discussion*

Wells Fargo first contends that Huber fails to state a FCRA claim because she does not specifically allege that Wells Fargo was informed of a consumer credit dispute by a CRA.  This argument is a nonstarter.  If a plaintiff alleges that she notified a CRA that she disputed specific information which the CRA had gathered and reported regarding her credit, she need not also allege that the CRA notified the information furnisher of the dispute because it is the CRA's obligation under the law to do so.  *Ori v. Fifth Third Bank,* 674 F.Supp.2d 1095, 1097 (E.D.Wisc. 2009)(citing *Lang v. TCF Nat. Bank,* 249 Fed.Appx. 464, 467 (7th Cir. 2007).  The FCRA does not require a CRA to notify the consumer that it has contacted the information furnisher, so Huber is not in a position to specifically allege Trans Union's notification of Wells Fargo, but it is entirely reasonable to infer from Huber's allegations and Trans Union's obligations under FCRA that her complaints to Trans Union led to the report of her dispute to Wells Fargo.

Wells Fargo's next contention is that Huber's claim that Wells Fargo failed to

conduct a reasonable investigation is undermined by her own allegations with regard to Wells Fargo having sent her two letters addressing her dispute and indicating that it had determined that the credit information it reported was accurate.  According to Wells Fargo, Huber has in this regard pled herself out of court by referencing those letters of explanation and, even if she has not pled herself out of any entitlement to relief, Huber has failed to plead her claim with anything other than conclusory allegations respecting Wells Fargo's failure to: (1) reasonably investigate, (2) review all relevant information , or (3) modify or correct the incomplete or inaccurate information it provided the CRA.  Again, we must disagree.

First, the fact that Wells Fargo wrote to Huber explaining why it had reported her credit and account information as it had does not necessarily establish the reasonableness of its investigation as a matter of law.  Furthermore, at this stage of the litigation, only Wells Fargo knows exactly what action it took, if any, in response to the dispute notification from Trans Union or its reasons for continuing to report the Plaintiff's credit and account information as it did.  Plaintiff is unable to be more specific than to plead in the alternative a claim that Wells Fargo breached its statutory obligations in some manner which resulted in its continuing to provide inaccurate or incomplete information.

> As the Seventh Circuit has stated under similar circumstances:
>
> We have distinguished notice pleading from evidentiary proof by stressing that "[f]acts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does

not imply 'plaintiff must allege Fact Y at the outset.'"

*Lang v. TCF Nat'l Bank,* 249 Fed.Appx. 464, 466 (7th Cir. 2007)(quoting *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923-24 (7th Cir. 2007). We repeat: at this stage of the litigation, Huber's knowledge is limited to her belief, upon reasonable inquiry, that Wells Fargo continued to report the status of her account in a manner which she, and apparently the bankruptcy court, concluded was incomplete and inaccurate. If the information provided to Trans Union and other CRAs by Wells Fargo was not complete or wholly accurate, it is reasonable to infer that Wells Fargo either: (1) failed to reasonably investigate the disputed circumstance, (2) failed to review all relevant information , or (3) failed to modify or correct the incomplete or inaccurate information it provided. Accordingly, Huber's failure to plead more specific facts to support each alternative is not fatal to her FCRA claim against Wells Fargo.

We cannot say the same for Plaintiff's common law claim for intentional infliction of emotional distress. FCRA makes clear that 15 U.S.C. § 1681s-2 provides the exclusive basis for claims against an information furnisher, stating in pertinent part:

> No requirement or prohibition may be imposed under the laws of any State –
> (1) with respect to any subject matter regulated under –
> ...
> (F) section 623 [15 U.S.C. § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply – [to specific Massachusetts and California statutes identified in the statute].

-8-

15 U.S.C. § 1681t(b)(1)(F).  The Seventh Circuit recently interpreted the phrase "under the laws" as the phrase appears in the FCRA, to include both the common law and those laws enacted by the state legislature.  *Purcell v. Bank of America*, 659 F.3d 622, 623-24 (7th Cir. 2011).  There, the Court ruled that a plaintiff's defamation, invasion of privacy and negligence claims against an information furnisher were all preempted by FCRA.  *Id.*

In the case at bar, Huber alleges that the actions of Wells Fargo "were wanton, willful, and outrageous in that [Wells Fargo and Trans Union] caused inaccurate, unverifiable, false, incomplete, defamatory and deragatory information to be included in Plaintiff's consumer file, which was reported to others ... ."  She further alleges that this conduct caused her to suffer anguish, humiliation, embarrassment and emotional distress.  The actions giving rise to Plaintiff's claim are subject to regulation under FCRA, which prohibits a furnisher from knowingly reporting inaccurate information or reporting information for which there is reasonable cause to doubt its accuracy.  15 U.S.C. § 1681s-2(a)(1)(A).  Consequently, a consumer (or the government, if no notice of dispute has been provided the furnisher by the CRA) is limited to those responses prescribed under FCRA as the remedy for any harm caused by a furnisher's willful or wanton actions.  Accordingly, Huber's claim of intentional infliction of emotional distress is subject to dismissal based on *Purcell*.  *See Purcell*, 659 F.3d at 624-625.

### *Conclusion*

For the reasons explicated in this entry, Wells Fargo's Motion to Dismiss (Doc. #15) is **GRANTED IN PART,** insofar as Plaintiff's common law claim for intentional infliction of emotional distress is dismissed with prejudice. The remainder of Defendant's motion is **DENIED IN PART**, insofar as Plaintiff's claims under FCRA are not subject to dismissal under rule 12(b)(6) and therefore may proceed.

     **IT IS SO ORDERED.**

Date: 07/25/2012

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

William Robert Brown
SCHUCKIT & ASSOCIATES, P.C.
wbrown@schuckitlaw.com

Carl Anthony Greci
FAEGRE BAKER DANIELS
carl.greci@faegrebd.com

Debra A. Miller
SCHUCKIT & ASSOCIATES
dmiller@schuckitlaw.com

David B. Mour
BOROWITZ & GOLDSMITH PLC
dmour@bglaw.com

Louis T. Perry
BAKER & DANIELS - Indianapolis
louis.perry@faegrebd.com

Zachary L. Taylor
BOROWITZ & GOLDSMITH PLC
ztaylor@bglaw.com